UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

CARLOS RAMONE SARGENT,

    Petitioner,

v.

STATE OF MINNESOTA,

    Respondent.

Civil File No. 05-2646 (RHK/JSM)

**REPORT AND RECOMMENDATION**

THIS MATTER is before the undersigned United States Magistrate Judge on Petitioner's application for habeas corpus relief under 28 U.S.C. § 2254. The matter has been referred to this Court for a Report and Recommendation pursuant to 28 U.S.C. § 636 and Local Rule 72.1. For the reasons discussed below, it is recommended that this action be SUMMARILY DISMISSED WITH PREJUDICE, pursuant to Rule 4 of The Rules Governing Section 2254 Cases In The United States District Courts.[1]

**I.  BACKGROUND**

On July 20, 2002, law enforcement officials in Cass County, Minnesota, responded to a report of shots being fired in the City of Cass Lake. Several people in the vicinity stated that they had seen Petitioner with a firearm, and that he had gone into the home of his ex-girlfriend. The law enforcement officials entered the home without a warrant, and found Petitioner and a semiautomatic gun. Petitioner was apprehended and charged with being a felon in possession of a firearm.

---

[1] Rule 4 provides that "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner."

During pretrial proceedings, Petitioner filed a suppression motion, claiming that the evidence that the State intended to use against him had been obtained by an illegal search and seizure that violated his constitutional rights under the Fourth Amendment. After a hearing on the matter, the state trial court judge concluded that the evidence against Petitioner had not been obtained illegally. Petitioner's suppression motion was therefore denied. Petitioner then waived his right to a jury trial, and was found guilty based on a stipulated set of facts. He was sentenced to sixty (60) months in prison, and he is presently serving his sentence at the Minnesota Correctional Facility at Rush City, Minnesota.

Petitioner appealed his conviction to the Minnesota Court of Appeals, claiming that the trial court judge had erroneously denied his suppression motion. The Court of Appeals rejected Petitioner's Fourth Amendment claims on the merits, and upheld his conviction. The Minnesota Supreme Court later denied Petitioner's application for further review. State v. Sargent, No. A03-1190 (Minn.App. 2004), 2004 WL 1328039, rev. denied, Sept. 21, 2004.

On November 16, 2005, Petitioner filed his present application for federal habeas corpus relief under 28 U.S.C. § 2254. Petitioner's habeas corpus petition lists two interrelated challenges to his conviction, both described as follows: "Conviction obtained by use of evidence gained pursuant to an unconstitutional search and seizure." (Petition, p. (5), ¶s 12.A and 12.B.) Petitioner is now attempting to bring the same Fourth Amendment claims that were raised and decided in his state court appeal. For the reasons discussed below, the Court concludes that Petitioner cannot be granted habeas corpus relief on these claims, and that his petition must be summarily dismissed with prejudice.

## II.  DISCUSSION

Petitioner contends, as he did throughout his various state court proceedings, that law enforcement officials entered and searched his ex-girlfriend's house without a warrant, and without adequate justification for a warrantless entry and search.  According to Petitioner, the entry and search were illegal, and all of the evidence used to convict him was obtained by means of that illegal entry and search.  He claims that his conviction should be set aside because the allegedly illegal search and seizure, and the subsequent admission of the seized evidence at his trial, violated his rights under the Fourth Amendment to the Constitution.

Petitioner's Fourth Amendment claims are barred by the Supreme Court's decision in Stone v. Powell, 428 U.S. 465 (1976).  There, the Court held that "where the State has provided an opportunity for full and fair litigation of a Fourth Amendment claim, a state prisoner may not be granted federal habeas corpus relief on the ground that evidence obtained in an unconstitutional search or seizure was introduced at his trial."  Id. at 482.  The holding of Stone v. Powell is clearly applicable here.

Petitioner does not contend that he was deprived of a full and fair opportunity to raise his Fourth Amendment claims in his state court proceedings.  Indeed, Petitioner had at least two such opportunities -- first at his suppression motion before the trial court, and again in his direct appeal.  It appears that both the trial court and the Minnesota Court of Appeals provided Petitioner ample opportunity to present his Fourth Amendment claims.  Both of those courts fully considered Petitioner's claims, and both courts decided the search and seizure issues on the merits.  Id.

While Petitioner obviously disagrees with the outcome of the state court proceedings, he does not deny that they occurred, nor does he deny that they gave him an

opportunity to litigate his current Fourth Amendment claims. Thus, the resolution of Petitioner's current habeas claims is simple and straightforward. Because Petitioner received a full and fair opportunity to present his current Fourth Amendment claims in the Minnesota state courts, Stone v. Powell precludes this Court from entertaining those claims in a federal habeas corpus proceeding. The instant petition must therefore be summarily dismissed, with prejudice, pursuant to Rule 4 of the Governing Rules.

Finally, Petitioner's habeas corpus petition was accompanied by an application to proceed in forma pauperis, ("IFP"). (Docket No. 3.) That request must be denied, because Petitioner has failed to state an actionable claim for habeas corpus relief. See 28 U.S.C. § 1915(e)(2)(B)(ii); see also, Kruger v. Erickson, 77 F.3d 1071, 1074, n. 3 (8th Cir. 1996) (per curiam) (IFP application should be denied where habeas petition cannot be entertained).

### III. RECOMMENDATION

Based upon the foregoing and all of the files, records, and proceedings herein,

**IT IS HEREBY RECOMMENDED THAT**:

1. Petitioner's application for leave to proceed in forma pauperis, (Docket No. 3), be **DENIED**;

2. Petitioner's Application for a Writ of Habeas Corpus, (Docket No. 1), be **DENIED**; and

3. This action be **DISMISSED WITH PREJUDICE**.

Dated: November 21, 2005

*s/ Janie S. Mayeron*
JANIE S. MAYERON
United States Magistrate Judge

Under D.Minn. LR 72.2(b) any party may object to this Report and Recommendation by filing with the Clerk of Court, and serving all parties by December 12, 2005, a writing which specifically identifies those portions of this Report to which objections are made and the basis of those objections.  Failure to comply with this procedure may operate as a forfeiture of the objecting party's right to seek review in the Court of Appeals.  A party may respond to the objecting party's brief within ten days after service thereof.  All briefs filed under this rule shall be limited to 3500 words.  A judge shall make a de novo determination of those portions to which objection is made.  This Report and Recommendation does not constitute an order or judgment of the District Court, and it is therefore not appealable directly to the Circuit Court of Appeals.